# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

GRAND JURY H-05-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:06CR64 (CFD) |
| v. | VIOLATIONS: |
| DENNIS PARIS (aka "Rahmyti") | 18 U.S.C. § 371 (Conspiracy to Use |
| RONALD MARTINEZ | Interstate Facility to Promote Prostitution) |
| BRIAN FORBES, (aka "B") | 18 U.S.C. § 1591 (Sex Trafficking of a |
| ANTONIO DOVE (aka "Dontell Dove" | Minor) |
| aka "Tone") | 18 U.S.C. § 1591 (Sex Trafficking by Force, |
| JEROME HARGROVE (aka "June") | Fraud or Coercion) |
| WARREN WILLIAMS (aka "Jameek") | 18 U.S.C. § 1952(a)(3) (Use of Interstate |
| CHRISTOPHER FANNING | Facility to Promote Prostitution) |
| KAZIMIERZ SULEWSKI (aka "Kaz") | 18 U.S.C. § 1956(a)(1)(A)(i)(Money |
| STEVEN TANUIS | Laundering) |
| SHANAYA HICKS (aka "Toni") | 18 U.S.C. § 2421 (Mann Act) |

# S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1.  At all times relevant to this indictment, defendants **DENNIS PARIS, aka "Rahmyti,"** and **RONALD MARTINEZ** operated prostitution businesses in the Hartford, Connecticut area in which they controlled and marketed young women (hereinafter "girls") to perform sexual acts with males (hereinafter "johns") in exchange for money.

2.  At all times relevant to this indictment, defendant **DENNIS PARIS** operated his prostitution business as Paris Enterprises Group, LLC and Connecticut Companions.

3.  At all times relevant to this indictment, defendant **RONALD MARTINEZ** operated his  prostitution business as Fantasy Entertainment Services, Fantasy Companions, Fantasy Playmates, and Connecticut Playmates.

4.  At all times relevant to this indictment, defendant **RONALD MARTINEZ** also operated a licensed bail bond company called Liberty Bail Bonds of Connecticut, LLC, which he used at various times to promote his prostitution business by bonding girls out of jail and requiring them to work off the bond through prostitution.

5.  At all times relevant to this indictment, defendant **BRIAN FORBES, aka "B,"** aided and abetted by defendant **SHANAYA HICKS, aka "Toni**," operated a prostitution business in the Hartford, Connecticut area in which he controlled and marketed girls to perform sexual acts with johns in exchange for money.

6.  At all times relevant to this indictment, defendants **DENNIS PARIS** and **RONALD MARTINEZ** attempted to conceal the true nature of the prostitution businesses by calling them "escort services."

7.  At all times relevant to this indictment, defendants **DENNIS PARIS, RONALD MARTINEZ,** and **BRIAN FORBES**, utilized cellular telephones, which were a part of interstate facilities, to promote their prostitution businesses by, among other things, to make appointments for johns with their girls, to communicate with their drivers, and to communicate with each other.

8.  At all times relevant to this indictment defendant **RONALD MARTINEZ** subscribed to a toll free number, that is, (800)291-3119, which number was programed to roll incoming calls over to one of his cellular telephones, that is (860)436-4847, (860)818-3924, or (860)982-9292.

- 2 -

Defendant **RONALD MARTINEZ** advertised telephone number (800)291-3119 in the Hartford area telephone book yellow pages and local newspapers in the Hartford, Connecticut and Springfield, Massachusetts areas, to invite johns to call the number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money.

9. At all times relevant to this indictment defendant **DENNIS PARIS** subscribed to cellular telephone  (860)818-0921, which was advertised in the Hartford area telephone book yellow pages and a local Hartford area newspaper to invite johns to call this number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money.

10.  At all times relevant to this indictment, defendants **DENNIS PARIS** and **RONALD MARTINEZ** collected money from johns, either in cash or by use of credit cards, and used the money to promote their prostitution businesses by (a) paying male employees (hereinafter "drivers") to transport girls to the johns' homes or motel rooms, and (b) paying other related expenses such as motel rooms, advertisements in local newspapers, and the cost of cellular telephones.

11.  At various times relevant to this indictment, defendants **ANTONIO DOVE, aka "Dontell Dove," aka "Tone," JEROME HARGROVE, aka "June,"** and **WARREN WILLIAMS, aka "Jameek" or "Ja,"** worked as drivers for defendant **DENNIS PARIS,** transported girls to locations requested by johns, including residences, motels, and hotels, and collected payment from the johns.

12.  At various times relevant to this indictment, defendants **CHRISTOPHER FANNING, KAZIMIERZ SULEWSKI, aka "Kaz,"** and **STEVEN TANUIS** worked as

- 3 -

drivers for defendant **RONALD MARTINEZ** and transported girls to locations requested by johns, including residences, motels, and hotels.

13.  At all times relevant to this indictment, defendant and driver **STEVEN TANUIS** was also an employee of Liberty Bail Bonds of Connecticut.

14.  At all times relevant to this indictment, defendants **DENNIS PARIS** and **RONALD MARTINEZ** assisted each other's prostitution businesses by sharing girls as needed.

15.  During a period relevant to this indictment, defendant **BRIAN FORBES** assisted defendant **DENNIS PARIS**' prostitution business by bringing to **PARIS** two girls, Jane Doe 1 and Jane Doe 2, whom **FORBES** had forced to work as prostitutes by means of violence, threats and coercion, and required the girls to disrobe and be photographed by **PARIS** so that they could be marketed as prostitutes by **PARIS**.

16.  During a period relevant to this indictment, defendant **BRIAN FORBES** assisted defendant **DENNIS PARIS**' prostitution business by selling Jane Doe 1 and Jane Doe 2 to **PARIS** for one thousand two-hundred dollars ($1,200) so that the girls would be forced to work as prostitutes for **PARIS**.

17.  During a period relevant to this indictment, defendant **DENNIS PARIS**, by means of violence, threats and coercion, forced Jane Doe 1 and Jane Doe 2 to work as prostitutes for him and for defendant **RONALD MARTINEZ.**

18. Under the laws of the State of Connecticut, that is Connecticut General Statute §53a-82, "[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee." Under Connecticut General Statute §53a-87, "[a] person is guilty of promoting prostitution in the second degree when [that person]

knowingly . . . advances or profits from prostitution by managing, supervising, controlling or

owning, either alone or in association with others, a house of prostitution or a prostitution

business or enterprise involving prostitution activity by two or more prostitutes."

19.  Under the laws of the Commonwealth of Massachusetts law, that is Massachusetts

General Law Chapter 272 § 7,  it is a violation of law for an individual, "knowing a person to be

a prostitute, ...[to] derive support or maintenance, in whole or in part, from the earnings or

proceeds of [that person's] prostitution...."

**COUNT ONE**
**18 U.S.C. § 371**
**(CONSPIRACY TO USE INTERSTATE FACILITY**
**TO PROMOTE PROSTITUTION)**

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated

in this Count by reference as though fully set forth herein.

20. From in or around November 2003 and continuing to around September 2005, in the

District of Connecticut and elsewhere, defendants **DENNIS PARIS, aka "Rahmyti,"**

**RONALD MARTINEZ**, **BRIAN FORBES, aka "B," ANTONIO DOVE, aka "Dontell**

**Dove," aka "Tone," JEROME HARGROVE, aka "June," WARREN WILLIAMS, aka**

**"Jameek," CHRISTOPHER FANNING**, **KAZIMIERZ SULEWSKI, aka "Kaz," STEVEN**

**TANUIS,** and **SHANAYA HICKS, aka "Toni,"** did knowingly combine, conspire and

confederate together, and with others known and unknown to the Grand Jury, to commit an

offense against the United States, that is, to use and cause to be used, a facility in interstate

commerce, that is a cellular telephone, with the intent to promote, manage, establish, and carry

on, and to facilitate the promotion, management, establishment, and carrying on, of an unlawful

activity, specifically, a business enterprise involving prostitution offenses, in violation of the

laws of the State of Connecticut, Connecticut General Statutes §§ 53a-82 and 53a-87; and further

to thereafter perform and attempt to perform, acts to promote, manage, and carry on, and to

facilitate the promotion, management, and carrying on of said unlawful activity, in violation of

Title 18, United States Code, Section 1952 (a)(3).

## MANNER AND MEANS OF THE CONSPIRACY

The said unlawful combination, conspiracy, confederation, and agreement was to be, and

was, accomplished by the following means and methods, and in the following manner.

21.  It was a part of said conspiracy that defendants and co-conspirators **BRIAN**

**FORBES**, **DENNIS PARIS** and **RONALD MARTINEZ** used cellular telephones to carry on

prostitution businesses in the Hartford, Connecticut area.

22. It was further a part of said conspiracy that defendants and co-conspirators **DENNIS**

**PARIS** and **RONALD MARTINEZ** claimed that their businesses were "escort services" when

in fact they were prostitution enterprises in which girls performed sexual acts with johns in

exchange for money.

23. It was further a part of said conspiracy that defendant and co-conspirator **BRIAN**

**FORBES**, in addition to carrying on his own prostitution business, assisted and promoted the

prostitution businesses of defendants and co-conspirators **DENNIS PARIS** and **RONALD**

**MARTINEZ** by providing girls to them to use as prostitutes.

24. It was further a part of said conspiracy that defendants and co-conspirators **DENNIS**

**PARIS** and **RONALD MARTINEZ** placed advertisements in the yellow pages telephone

directory for the Hartford area and in a local Hartford area newspaper in which they described

girls and gave telephone numbers for prospective johns to call. Defendant and co-conspirator **RONALD MARTINEZ** also placed similar advertisements in a Springfield, Massachusetts area newspaper.

25. It was further a part of said conspiracy that when calls were received from johns, defendants and co-conspirators **DENNIS PARIS** and **RONALD MARTINEZ** instructed the johns to go to a specific motel room wherein the girls were to meet them for an "in-call;" or instructed the drivers --- defendants and co-conspirators **ANTONIO DOVE, JEROME HARGROVE**, **WARREN WILLIAMS**, **CHRISTOPHER FANNING**, **KAZIMIERZ SULEWSKI** and **STEVEN TANUIS ---** to take the girls to the johns' chosen location for an "out-call."

26.  It was further a part of said conspiracy that at an in-call or out-call, the girls engaged in sexual acts with johns in exchange for money, normally charging between $125.00 and $300.00.  This payment was either charged on a credit card or paid in cash.

27.  It was further a part of said conspiracy that defendants and co-conspirators **DENNIS PARIS** and **RONALD MARTINEZ** used cellular telephones to communicate among themselves, with the girls, and with the drivers -- defendants and co-conspirators  **ANTONIO DOVE, JEROME HARGROVE**, **WARREN WILLIAMS**, **CHRISTOPHER FANNING**, **KAZIMIERZ SULEWSKI,** and **STEVEN TANUIS  ---** and paid the drivers for taking the girls to and from the out-calls and collecting payment from the johns.

28. It was further a part of said conspiracy that following the execution of a federal search warrant on his motel room on February 18, 2005, defendant and co-conspirator **DENNIS PARIS**

called defendant **RONALD MARTINEZ** and told him to destroy or get rid of certain records which were evidence of **MARTINEZ'S** prostitution business.

**OVERT ACTS**

In furtherance of the conspiracy, and to effect the objects and purposes thereof, there were committed, in the District of Connecticut and elsewhere, the following overt acts:

29.  That around November 2003, defendant and co-conspirator **BRIAN FORBES** forced Jane Doe 1 and Jane Doe 2 to work for him as prostitutes and thereafter sold the two girls to defendant and co-conspirator **DENNIS PARIS**, who thereafter continued to force the girls to work as prostitutes.  Shortly thereafter defendant and co-conspirator **RONALD MARTINEZ** also used the two girls as prostitutes for his business.

30.  On or about February 20, 2004, defendant and co-conspirator **DENNIS PARIS** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl he controlled.

31.  On or about February 27, 2004, defendant and co-conspirator **KAZIMIERZ SULEWSKI** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl controlled by defendant and co-conspirator **RONALD MARTINEZ**

32.  On or about March 16, 2004, defendant and co-conspirator **DENNIS PARIS** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl he controlled.

33.  On or about June 11, 2004, defendant and co-conspirator **DENNIS PARIS** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl controlled by Paris.

34.  On or about August 2, 2004, defendant and co-conspirator **RONALD MARTINEZ** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl he controlled.

35.  On or about December 16, 2004, defendant and co-conspirator **RONALD MARTINEZ** used and caused to be used a cellular telephone to schedule an appointment for a john to meet with and have sexual relations with a girl he controlled.

36  On or about February 20, 2005, defendant and co-conspirator **DENNIS PARIS**, after having his motel searched by Federal agents under authority of a search warrant, called defendant and co-conspirator **RONALD MARTINEZ'S** cellular telephone to advise him to destroy records relating to the prostitution business.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO**
**18 U.S.C. § 1591**
**(SEX TRAFFICKING OF A MINOR)**

Paragraphs One and Two of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

37.  In or around March 2002, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor A, and benefitted financially from said venture, knowing that

Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Section 1591.

## COUNT THREE
### 18 U.S.C. § 1591
### (SEX TRAFFICKING OF A MINOR)

Paragraph Five of this superseding indictment is hereby incorporated in this Count by reference as though fully set forth herein.

38.  In or around March 2002, defendant **BRIAN FORBES**, aided and abetted by defendant  **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor A, and benefitted financially from said venture, knowing that Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.

## COUNT FOUR
### 18 U.S.C. § 1591
### (SEX TRAFFICKING OF A MINOR)

Paragraphs One and Two of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

39.  In or around between November 2000 and June 2001, defendant **DENNIS PARIS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor B, and benefitted financially from said venture, knowing that Minor B had not attained the age of 18 years and would be caused to engage in a commercial sex act;

- 10 -

All in violation of Title 18, United States Code, Section 1591.

## COUNT FIVE
## 18 U.S.C. § 1591
## (SEX TRAFFICKING OF A MINOR)

Paragraph Five of this superseding indictment is hereby incorporated in this Count by reference as though fully set forth herein.

40.  In or around between August 2001 and March 2002, defendant **BRIAN FORBES**, aided and abetted by defendant  **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor B, and benefitted financially from said venture, knowing that Minor B had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.

## COUNT SIX
## 18 U.S.C. § 1591
## (SEX TRAFFICKING OF A MINOR)

Paragraph Five of this superseding indictment is hereby incorporated in this Count by reference as though fully set forth herein.

41.  Between in or around November 2000 and November 2002, defendant **BRIAN FORBES**, aided and abetted by defendant  **SHANAYA HICKS**, in the District of Connecticut and elsewhere, did knowingly, in and affecting interstate commerce, entice, harbor, provide and obtain by any means, Minor C, and benefitted financially from said venture, knowing that Minor C had not attained the age of 18 years and would be caused to engage in a commercial sex act;

All in violation of Title 18, United States Code, Sections 1591 and 2.

- 11 -

## COUNT SEVEN
### 18 U.S.C. § 1591
### (SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

42.  In or around between September and December 2003, defendant **BRIAN FORBES**, aided and abetted by defendant  **SHANAYA HICKS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 1, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 1, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 1 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Sections 1591 and 2.

## COUNT EIGHT
### 18 U.S.C. §1591
### (SEX TRAFFICKING BY FORCE, FRAUD OR COERCION)

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

43.  In or around between September and December 2003, defendant **BRIAN FORBES**, aided and abetted by defendant  **SHANAYA HICKS**, in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did recruit, entice, transport, provide, and obtain by any means Jane Doe 2, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing,

- 12 -

transporting, providing and obtaining by any means Jane Doe 2,  knowing that force, fraud, and

coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be

used to cause Jane Doe 2 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Sections 1591 and 2.

## <u>COUNT NINE</u>
**18 U.S.C. § 1591**
**(SEX TRAFFICKING BY FORCE, FRAUD OR COERCION**)

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated

in this Count by reference as though fully set forth herein.

44.  In or around between September and December 2003, defendant **DENNIS PARIS**,

in the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce,

did recruit, entice, transport, provide, and obtain by any means Jane Doe 1, and did benefit,

financially and by receiving a thing of value, from participation in a venture which engaged in

such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 1,

knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections

1591(2)(c)(A) and (B), would be used to cause Jane Doe 1 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Section 1591.

## <u>COUNT TEN</u>
**18 U.S.C. § 1591**
**(SEX TRAFFICKING BY FORCE, FRAUD OR COERCION**)

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated

in this Count by reference as though fully set forth herein.

45.  In or around between November and December 2003, defendant **DENNIS PARIS**, in

the District of Connecticut and elsewhere, knowingly, in and affecting interstate commerce, did

- 13 -

recruit, entice, transport, provide, and obtain by any means Jane Doe 2, and did benefit, financially and by receiving a thing of value, from participation in a venture which engaged in such recruiting, enticing, transporting, providing and obtaining by any means Jane Doe 2, knowing that force, fraud, and coercion, as defined in Title 18, United States Code, Sections 1591(2)(c)(A) and (B), would be used to cause Jane Doe 2 to engage in commercial sex acts.

All in violation of Title 18, United States Code, Section 1591.

### COUNTS ELEVEN THROUGH TWENTY-ONE
### 18 U.S.C. § 1952(a)(3)
### (USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE,
### AND CARRY ON PROSTITUTION )

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference, as though fully set forth herein.

46.  On or about the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, and thereafter did perform and attempt to perform acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by using a cellular telephone, the number of which was advertised in a local Hartford area newspaper, to induce johns to call this number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money, each telephone call set forth below constituting a separate count of this indictment.

- 14 -

| COUNT | DATE | TIME | ORIGINATING tel. NUMBER | RECEIVING TEL. NUMBER. |
|-------|------|------|-------------------------|------------------------|
| 11 | 02/20/2004 | 19:48:00 | (860)798-9673 | (860)818-0921 |
| 12 | 02/20/2004 | 19:50:00 | (860)818-0921 | (860)798-9673 |
| 13 | 03/10/2004 | 9:58:00 | (860)818-0921 | (860)803-0808 |
| 14 | 03/16/2004 | 12:00:00 | (860)803-0808 | (860)818-0921 |
| 15 | 03/16/2004 | 12:07:00 | (860)818-0921 | (860)803-0808 |
| 16 | 03/19/2004 | 20:01:00 | (860)798-9673 | (860)818-0921 |
| 17 | 03/19/2004 | 20:04:00 | (860)818-0921 | (860)798-9673 |
| 18 | 04/16/2004 | 19:53:00 | (860)798-9673 | (860)818-0921 |
| 19 | 04/16/2004 | 20:00:00 | (860)798-9673 | (860)818-0921 |
| 20 | 06/11/2004 | 20:07:00 | (860)798-9673 | (860)818-0921 |
| 21 | 06/11/2004 | 20:09:00 | (860)818-0921 | (860)798-9673 |

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNTS TWENTY-TWO THROUGH TWENTY-FOUR
### 18 U.S.C. § 1952(a)(3)
### (USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE, AND CARRY ON PROSTITUTION )

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference, as though fully set forth herein.

47.  On or about the dates set forth below, in the District of Connecticut and elsewhere, defendants **RONALD MARTINEZ** and  **KAZIMIERZ SULEWSKI,** did knowingly use, and cause to be used, a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut and the Commonwealth of Massachusetts, and thereafter did perform and attempt to perform acts to

- 15 -

promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by using a cellular telephone, the number of which was advertised in local Hartford, Connecticut and Springfield, Massachusetts, area newspapers, to induce johns to call this number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money, each telephone call set forth below constituting a separate count of this indictment.

| COUNT | DATE | TIME | ORIGINATING tel. NUMBER | RECEIVING TEL. NUMBER. |
|---|---|---|---|---|
| 22 | 02/27/2004 | 18:56:00 | (860)982-9292 | (413)789-6990 |
| 23 | 03/29/2004 | 22:27:00 | (413)789-6990 | (860)982-9292 |
| 24 | 04/20/2004 | 21:13:00 | (860)982-9292 | (413)789-6990 |

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNTS TWENTY-FIVE THROUGH THIRTY-EIGHT
### 18 U.S.C. § 1952(a)(3)
### (USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE, AND CARRY ON PROSTITUTION )

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference, as though fully set forth herein.

48.   On or about the dates set forth below, within the District of Connecticut and elsewhere, defendant **RONALD MARTINEZ**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut and the Commonwealth of Massachusetts, and thereafter did perform and attempt to perform acts to promote, manage, and

- 16 -

carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by using a cellular telephone, the number of which was advertised in local Hartford, Connecticut and Springfield, Massachusetts, area newspapers, to induce johns to call this number to schedule meetings with girls for the purpose of engaging in sexual conduct with the girls in exchange for money, each telephone call set forth below constituting a separate count of this indictment.

| COUNT | DATE | TIME | ORIGINATING tel. NUMBER | RECEIVING TEL. NUMBER |
|---|---|---|---|---|
| 25 | 07/06/2004 | 22:43:16 | (413)789-6990 | (860)436-4847 |
| 26 | 07/12/2004 | 16:15:07 | (860)803-0808 | (860)436-4847 |
| 27 | 07/12/2004 | 16:31:10 | (860)803-0808 | (860)436-4847 |
| 28 | 08/02/2004 | 19:21:16 | (860)712-3484 | (860)436-4847 |
| 29 | 08/13/2004 | 21:31:40 | (413)789-6990 | (860)436-4847 |
| 30 | 09/24/2004 | 18:33:05 | (860)305-7393 | (860)436-4847 |
| 31 | 12/07/2004 | 16:45:09 | (413)789-6990 | (860)436-4847 |
| 32 | 12/16/2004 | 17:14:55 | (860)243-2669 | (860)436-4847 |
| 33 | 12/24/2004 | 21:37:24 | (860)712-3484 | (860)436-4847 |
| 34 | 12/24/2004 | 21:39:38 | (860)712-3484 | (860)436-4847 |
| 35 | 12/24/2004 | 21:42:51 | (860)712-3484 | (860)436-4847 |
| 36 | 01/03/2005 | 18:30:00 | (860)818-3924 | (413)789-6990 |
| 37 | 03/17/2005 | 18:25:19 | (860)243-2669 | (860)436-4847 |
| 38 | 03/17/2005 | 18:31:48 | (860)243-2669 | (860)436-4847 |

All in violation of Title 18, United States Code, Section 1952(a)(3).

- 17 -

**COUNTS THIRTY-NINE THROUGH FORTY-ONE**
**18 U.S.C. § 1952(a)(3)**
**(USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE**
**AND CARRY ON PROSTITUTION )**

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference, as though fully set forth herein.

49.   At all times relevant to this indictment, defendant **DENNIS PARIS** accepted credit card charges with VISA, Mastercard**,** and Discover credit cards, as payment for prostitution services. Defendant **PARIS** used a mobile hand-held credit card processing machine and a credit card processing terminal, both of which utilized interstate wires to process credit card charges.

50. Between approximately in or about December 2003 and June 2004, credit card charges accepted by defendant **PARIS** were processed via interstate telephone wires from Connecticut to First Data Merchant Services, Omaha, Nebraska and ultimately back to a Paris Enterprises account at Fleet Bank/Bank of America in Connecticut.

51. The funds received from the prostitution business were later withdrawn in cash, by check, or by use of a debit card and used to further the prostitution business by paying for advertising, cellular telephones, motel rooms, and other expenses related to the prostitution business.

52.   On or about the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a credit card terminal and interstate wires, between Connecticut and other states, with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, and

hereafter did perform and attempt to perform acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by transmitting, and causing to be transmitted, credit card account information via interstate telephone wires to processing facilities in a Nebraska, Colorado, and elsewhere and ultimately back to Connecticut, said charges being made in payment for prostitution services as described above, and later being used to pay bills to further the prostitution business, each transaction set forth below constituting a separate count of this indictment.

| COUNT | DATE | PROCESS ING COMPANY | No. Of Charges | BATCH NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 39 | 02/20/2004 | First Data MS | 1 | 401002019924 | $175.00 |
| 40 | 03/16/2004 | First Data MS | 1 | 401001035837 | $175.00 |
| 41 | 06/11/2004 | First Data MS | 1 | 401001064098 | $250.00 |

All in violation of Title 18, United States Code, Sections 1952(a)(3).

## COUNTS FORTY-TWO THROUGH FORTY-FOUR
### 18 U.S.C. § 1952(a)(3)
### (USE OF INTERSTATE FACILITY TO PROMOTE, MANAGE AND CARRY ON PROSTITUTION )

Paragraphs One through Nineteen of this superseding indictment are hereby incorporated in this Count by reference, as though fully set forth herein.

53. At all times relevant to this indictment defendant **RONALD MARTINEZ** accepted credit card charges with American Express, VISA, Mastercard, and Discover credit cards, as payment for prostitution services.  Defendant **MARTINEZ** used a mobile hand-held credit card processing machine, which ultimately connected to interstate wires to process credit card charges.

- 19 -

54. Between in or about January and December 2004, credit card charges accepted by defendant **MARTINEZ** were processed via interstate telephone wires through First Data Merchant Services, Omaha, Nebraska and ultimately back to a Fantasy Entertainment Services account at People's Bank in Connecticut.

55. The funds received from the prostitution business were later withdrawn in cash, by check, or by use of a debit card and used to further the prostitution business by paying for advertising, cellular telephones, motel rooms, and other expenses related to the prostitution business.

56.  On or about the dates set forth below, in the District of Connecticut and elsewhere, defendant **RONALD MARTINEZ**, did knowingly use, and cause to be used, a facility in interstate commerce, that is, a credit card terminal and interstate wires, between Connecticut and other states, with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, and thereafter did perform and attempt to perform acts to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity, by transmitting, and causing to be transmitted, credit card account information over interstate wires to processing facilities in Nebraska and elsewhere, and ultimately back to Connecticut, said charges being made in payment for prostitution services as described above, and later being used to pay bills to further the prostitution business, each transaction set forth below constituting a a separate count of this indictment.

| COUNT | DATE | PROCESS ING COMPANY | No. Of Charges | BATCH NUMBER | AMOUNT |
|---|---|---|---|---|---|
| 42 | 07/12/2004 | First Data MS | 1 | 401001031608 | $175.00 |
| 43 | 08/02/2004 | First Data MS | 1 | 401002031394 | $175.00 |
| 44 | 12/16/2004 | First Data MS | 1 | 00000000 | $275.00 |

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNTS FORTY-FIVE THROUGH FORTY-EIGHT
## 18 U.S.C. § 1956(a)(1)(A)(i)
## (MONEY LAUNDERING)

Paragraphs One through Nineteen of this superseding indictment are incorporated by reference as if fully set forth herein.

57.   On or about each of the dates set forth below, in the District of Connecticut and elsewhere, defendant **DENNIS PARIS**, did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, he used and caused to be used electronic funds transfers from checking accounts in the name of Dennis Paris and Paris Enterprises Group, LLC at Fleet Bank, which financial transactions involved, as the defendant well knew, the proceeds of some form of specified unlawful activity, namely, a prostitution business operated through the use of a facility in interstate commerce, that is, cellular telephones and telephone wires, with the intent to promote the carrying on of the specific unlawful activity, to wit, carrying on and promoting prostitution, each transaction set forth below, constituting a separate count of this indictment.

| COUNT | DATE | PAYEE | METHOD | AMOUNT |
|---|---|---|---|---|
| 45 | 12/29/2003 | Hartford Advocate | check  #301 | $321.50 |
| 46 | 03/22/2004 | Motel 6 | debit card | $ 89.58 |
| 47 | 05/04/2004 | Nextel Wireless | debit card | $285.66 |

| 48 | 05/10/2004 | Nextel Wireless | debit card | $377.93 |
|----|------------|------------------|------------|---------|

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

**COUNTS FORTY-NINE THROUGH FIFTY-TWO**
**18 U.S.C. § 1956(a)(1)(A)(i)**
**(MONEY LAUNDERING)**

Paragraphs One through Nineteen of this superseding indictment are incorporated by reference as if fully set forth herein.

58.   On or about each of the dates set forth below, in the District of Connecticut and elsewhere, defendant **RONALD MARTINEZ** did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, he issued and caused to be issued checks from checking accounts in the name of Fantasy Entertainment at People's Bank, which financial transactions involved, as the defendant well knew, the proceeds of some form of specified unlawful activity, namely, a prostitution business operated through the use of a facility in interstate commerce, that is, cellular telephones and telephone wires, with the intent to promote the carrying on of the specific unlawful activity, to wit, carrying on and promoting prostitution, each transaction set forth below, constituting a separate count of this indictment:

| COUNT | DATE | PAYEE | METHOD | AMOUNT |
|-------|------|-------|--------|--------|
| 49 | 10/25/2003 | Kazimierz Sulewski | check # 1122 | $   240.00 |
| 50 | 11/17/2003 | Hartford Advocate | check #1126 | $1,404.80 |
| 51 | 02/04/2004 | SBC Yellowpages | check #1141 | $   924.00 |
| 52 | 04/14/2004 | Nextel Wireless | check #9999 | $1,309.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

- 22 -

## COUNT FIFTY-THREE
### 18 U.S.C. §2421
### (MANN ACT)

Paragraphs Five and Eighteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

59.  In or around September 2003, in the District of Connecticut and elsewhere, defendant **BRIAN FORBES** did knowingly transport Jane Doe 1 in interstate commerce from the State of New Hampshire to the State of Connecticut, with intent that such individual engage in prostitution in violation of the laws of the State of Connecticut, that is Connecticut General Statutes §53a-82 and §53a-87;

All in violation of Title 18, United States Code, Section 2421.

## COUNT FIFTY-FOUR
### 18 U.S.C. §2421
### (MANN ACT)

Paragraphs Five and Eighteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

60.  In or around September 2003, in the District of Connecticut and elsewhere, defendant **BRIAN FORBES** did knowingly transport Jane Doe 2 in interstate commerce from the State of New Hampshire to the State of Connecticut, with intent that such individual engage in prostitution in violation of the laws of the State of Connecticut, that is Connecticut General Statutes §53a-82 and §53a-87;

All in violation of Title 18, United States Code, Section 2421.

**COUNT FIFTY-FIVE**
**18 U.S.C. § 2421**
**(MANN ACT)**

Paragraphs One, Three and Nineteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

61.  In or around between September 2002 and January 2003, in the District of Connecticut and elsewhere, defendant **RONALD MARTINEZ** did knowingly transport an individual, that is Jane Doe 8, in interstate commerce from the State of Connecticut to the Commonwealth of Massachusetts, with intent that such individual engage in prostitution in violation of the laws of the Commonwealth of Massachusetts, that is Chapter 272, Sections 7 and 12 of the Massachusetts General Laws;

All in violation of Title 18, United States Code, Section 2421.

**COUNT FIFTY-SIX**
**18 U.S.C. § 2421**
**(MANN ACT)**

Paragraphs One and Three of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

62.  In or around between September 2002 and January 2003, in the District of Connecticut and elsewhere, defendant **STEVEN TANUIS** did knowingly transport an individual, that is Jane Doe 8, in interstate commerce from the State of Connecticut to the Commonwealth of Massachusetts, with intent that such individual engage in prostitution in violation of the laws of the Commonwealth of Massachusetts, that is Chapter 272, Sections 7 and 12 of the Massachusetts General Laws;

All in violation of Title 18, United States Code, Sections 2421.

- 24 -

## COUNT FIFTY-SEVEN THROUGH FIFTY-NINE
### 18 U.S.C. § 2421
### (MANN ACT)

Paragraphs One,  Three and Nineteen of this superseding indictment are hereby incorporated in this Count by reference as though fully set forth herein.

63.  On or about the dates set forth below in each count, in the District of Connecticut and elsewhere, defendants **RONALD MARTINEZ** and **KAZIMIERZ SULEWSKI** did knowingly transport, and cause to be transported, an individual, that is a female, in interstate commerce from the State of Connecticut to the Commonwealth of Massachusetts, with intent that such individual engage in prostitution in violation of the laws of the Commonwealth of Massachusetts, that is Chapter 272, Section 12 of the Massachusetts General Laws, each act of transporting said female across state lines constituting a separate count of this indictment.

| COUNT | DATE | NAME OF INDIVIDUAL |
|---|---|---|
| 57 | 02/27/2004 | unknown |
| 58 | 03/29/2004 | unknown |
| 59 | 04/20/2004 | unknown |

All in violation of Title 18, United States Code, Sections 2421 and 2.

## COUNT SIXTY THROUGH SIXTY-FOUR
### 18 U.S.C. § 2421
### (MANN ACT)

Paragraphs One, Three and Nineteen of this indictment are hereby incorporated in this Count by reference as though fully set forth herein.

64.  On or about the dates set forth below in each count, in the District of Connecticut and elsewhere, defendant **RONALD MARTINEZ** did knowingly transport, and cause to be

- 25 -

transported, an individual, that is a female, in interstate commerce from the State of Connecticut

to the Commonwealth of Massachusetts, with intent that such individual engage in prostitution in

violation of the laws of the Commonwealth of Massachusetts, that is Chapter 272, Section 12 of

the Massachusetts General Laws, each act of transporting said female across state lines

constituting a separate count of this indictment.

| COUNT | DATE | NAME OF INDIVIDUAL |
|-------|------|---------------------|
| 60 | 07/06/2004 | unknown |
| 61 | 08/13/2004 | unknown |
| 62 | 12/07/2004 | unknown |
| 63 | 01/03/2005 | unknown |
| 64 | 04/2005 | Jane Doe 3 |

All in violation of Title 18, United States Code, Section 2421 and 2.

A TRUE BILL

_____

FOREPERSON

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

NORA R. DANNEHY
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

/s/
JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY