UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : NO. 3:06-CR-0064 (CFD) |
| | : |
| DENNIS PARIS, *et al.* | : |
|     Defendants. | : October 30, 2006 |

**DEFENDANT DENNIS PARIS' MOTION
FOR BILL OF PARTICULARS**

      The defendant, Dennis Paris, respectfully moves the Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, for an order requiring the Government to provide a bill of particulars as to the following:

*Count two.*

    1. With respect to count two of the indictment, the identity of Minor A.[1]

*Count four.*

    2. With respect to count four of the indictment, the identity of Minor A.[2]

*Count nine.*

    3. With respect to count nine of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date that the force was used and a brief description of the force that was used (for example, "on September 30, 2003, Dennis Paris stabbed Jane Doe 1 with a knife").

    4. With respect to count nine of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date of the fraud and the particular fraudulent words that are alleged to have been said by Dennis Paris, or the fraudulent actions that in which he is alleged to have engaged (for example, "on September 30, 2003, Dennis Paris told Jane Doe 1 that her mother was dying of cancer and that

---

[1] This request may be rendered moot by an expected agreement between the prosecution and defense and is here included only on the chance that the parties will be unable to reach such agreement.

[2] This request may be rendered moot by an expected agreement between the prosecution and defense and is here included only on the chance that the parties will be unable to reach such agreement.

money earned by Jane Doe 2 would be used to pay for cancer treatment, when, in truth and fact, Mr. Paris knew that such moneys would not be so used").

5. With respect to count nine of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date of the alleged coercion and the particular act of coercion in which Dennis Paris is alleged to have engaged )for example, "on September 30, 2003, Dennis Paris told Jane Doe 1 that if she declined to serve tricks he would report her welfare fraud to the state authorities").

6. The identity of Jane Doe 1.[3]

***Count ten.***

7. With respect to count ten of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date that the force was used and a brief description of the force that was used (for example, "on September 30, 2003, Dennis Paris stabbed Jane Doe 2 with a knife").

8. With respect to count ten of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date of the fraud and the particular fraudulent words that are alleged to have been said by Dennis Paris, or the fraudulent actions that in which he is alleged to have engaged  (for example, "on September 30, 2003, Dennis Paris told Jane Doe 2 that her mother was dying of cancer and that money earned by Jane Doe 2 would be used to pay for cancer treatment, when, in truth and fact, Mr. Paris knew that such moneys would not be so used").

9. With respect to count ten of the indictment, which alleges that over an approximate four-month period, the defendant Dennis Paris engaged in "force, fraud, and coercion," the date of the alleged coercion and the particular act of coercion in which Dennis Paris is alleged to have engaged )for example, "on September 30, 2003, Dennis Paris told Jane Doe 2 that if she declined to serve tricks he would report her welfare fraud to the state authorities").

---

[3]This request may be rendered moot by an expected agreement between the prosecution and defense and is here included only on the chance that the parties will be unable to reach such agreement.

3

10. The identity of Jane Doe 2.[4]

                      Respectfully submitted,

                      JEREMIAH DONOVAN
                      123 Elm Street--Unit 400
                      P.O. Box 554
                      Old Saybrook, CT 06475
                      (860) 388-3750
                      FAX 388-3181
                      Juris no. 305346
                      Fed.bar.no. CT 03536

## [PROPOSED] ORDER

The motion set forth above having been duly considered, it is hereby

            GRANTED / DENIED

                      _____
                      CHRISTOPHER F. DRONEY
                      UNITED STATES DISTRICT JUDGE

---

[4] This request may be rendered moot by an expected agreement between the prosecution and defense and is here included only on the chance that the parties will be unable to reach such agreement.